IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA FRANKS, | ) |
| Plaintiff, | ) Case No. 10 C 13 |
| v. | ) Judge Virginia M. Kendall |
| MKM OIL, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura Franks ("Franks") filed suit against MKM Oil, Incorporated ("MKM") individually and on behalf of all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (2010) ("FLSA"), violations of the Illinois Minimum Wage Law, 820 ILCS 105/1-15 ("IMWL"), and violations of the Illinois Minimum Wage Payment and Collection Act, 820 ILCS 115/1-15 ("IMWPCA"), and seeking damages under theories of quantum meruit and unjust enrichment. MKM moves to dismiss Franks' Second Amended Complaint under Rules 10(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, MKM included exhibits in its Motion to Dismiss Franks' Second Amended Complaint. Franks moves to strike these exhibits.

For the reasons stated below, MKM's Motion to Dismiss is granted with respect to Franks' federal and state minimum wage claims and denied as to Franks' federal and state overtime claims and repayment claims under the FLSA and IMWPCA. Franks' Motion to Strike is granted.

1

## STATEMENT OF FACTS

The following facts are taken from Franks' Second Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

MKM is a company that owns and operates gas stations located in Illinois. MKM is a retail seller of gasoline and convenience store items.

Franks is an Assistant Manager at MKM. (Compl. ¶ 52.) One of her duties is to compile and calculate payroll and work hours for the MKM employees at her retail location, which she does each Friday evening. Compiling and calculating payroll, in addition to her regular duties, requires Franks to work over forty hours per week. (Compl. ¶ 54.) Franks states that MKM "forced" her to work "off-the-clock" while compiling and calculating payroll each Friday evening to avoid paying her overtime. (Compl. ¶ 53.) Moreover, her Manager at MKM actively changed Franks' recorded hours to ensure they did not exceed forty per week, even though Franks claims she worked over forty hours and was thus entitled to overtime pay. This forced "off-the-clock" work violates federal and state laws governing compensation for overtime.

Franks claims that "[i]t is and was at all relevant times, a policy of MKM to require employees to 'repay' MKM business expenses such as 'drive-aways.'" (Compl. ¶ 71.) "Drive-aways" occur when a customer pumps gasoline at MKM and then leaves without paying for the purchase. (Compl. ¶ 44.) Employees were also required to reimburse MKM for bounced checks, inventory shortages and "charge backs" (credit card purchases that are disputed by customers). (Compl. ¶ 44.) Though Franks does not provide specific instances or monetary figures, she claims

2

that MKM's policy requiring employees to reimburse MKM resulted in her earning below federal and state minimum wage standards. MKM's practices requiring employee reimbursement of company losses violate federal and state labor laws.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). "If subject matter jurisdiction is . . . not evident on the face of the complaint, the motion to dismiss . . . would be analyzed as any other motion to dismiss, by assuming for

3

purposes of the motion that the allegations in the complaint are true. However, as here, if the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus*, 322 F.3d at 946; *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The party asserting jurisdiction must establish it by "competent proof." *United Phosphorus* 322 F.3d at 946; *NFIC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). This means that jurisdiction must be established by a preponderance of the evidence or "proof to a reasonable probability." *NFIC*, 45 F.3d at 237.

## **DISCUSSION**

MKM moves to dismiss the federal and state claims made in Franks' Second Amended Complaint. MKM argues that Franks failed to state a federal claim under Rule 12(b)(6) and that therefore, under Rule 12(b)(1), this Court lacks subject matter jurisdiction to hear Franks' remaining state law claims. MKM also argues that Franks' Second Amended Complaint "jumbles" together several claims in each count, violating Rule 10(b). Franks moves to strike the exhibits attached in MKM's Motion to Dismiss.

**I. Motion to Strike**

As an initial matter, Franks moves to strike MKM's inclusion of exhibits in its Motion to Dismiss. As a general rule, when reviewing a Rule 12(b)(6) motion the Court may consider only the plaintiff's complaint. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v.*

*Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). However, "this is a narrow exception" to the general rule that when additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Here, MKM included exhibits in its Motion to Dismiss. These exhibits are a 2008 case from the Northern District of California, MKM's "Policy and Procedures Employee Hand Book", and two separate policy amendments regarding "drive-aways" and credit card payment processing that Franks signed and agreed to as an employee in 2008 and 2009.[1] Franks "disputes the validity of some of these documents." Pl. Mot. To Strike 6; *see Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (defendant's attachment to a motion to dismiss is considered part of the pleadings if referred to in complaint, concededly authentic, and central to plaintiff's claim).

Franks makes several references in her Second Amended Complaint to MKM's employment policies, particularly regarding her claims against MKM for forced repayment and minimum wage violations. The "Hand Book" however, is not attached as an exhibit nor is it quoted verbatim. Although referenced, Franks does not rely on MKM policies to state her claims. Nor do the MKM exhibits relate to all of Franks' claims, and as such they cannot be central to those claims to which they do not relate. For example, Franks' overtime claims are not addressed by MKM's exhibit, because her claims deal with the actions of MKM Managers, not MKM's policies. These overtime

---

[1] It is not clear why MKM includes the California case as an exhibit. It is also unclear why MKM wishes to enter the "Hand Book" and the signed policy amendments as exhibits because their provisions requiring employees to repay MKM for "drive aways" and "charge backs" appear to violate Illinois labor laws. *See* 56 Ill. Adm. Code §§ 300.730-740 (employers may not deduct cash or inventory shortages, or bounced checks, from employee pay without employee's freely given written consent at time deduction is made).

5

claims appear in two of the five claims in Franks' Second Amended Complaint.

Because the exhibits attached to MKM's Motion are not central to Franks' claims and are not relied upon by her in her pleadings, the Court may not consider them without converting this Motion to Dismiss into a motion for summary judgment or a Rule 12(c) motion. At this stage of the pleadings, the Court is not inclined to order such a briefing until the ordinary course of discovery has been completed. Therefore, Franks' Motion to Strike the Exhibits is granted.

## II. Motion to Dismiss FLSA Claims

MKM moves to dismiss Franks' FLSA claims for failure to state a claim for relief and for failure to plead distinct legal claims in separate counts. Franks has pleaded two separate claims under the FLSA—one for unpaid overtime work and one for forced repayment of certain charges which placed her below the minimum wage level.

A. Overtime

Franks alleges that MKM violated the FLSA by failing to pay her for all of the hours that she worked. Specifically, Franks alleges that MKM did not pay her for time worked in excess of forty hours per week. The FLSA requires employers to "pay their employees a wage for all the 'work' that they do." *E.g., Spoerle v. Kraft Foods Global Inc.*, 527 F. Supp. 2d 860, 862-63 (W.D.Wis. 2007). Though "work" is not defined in the FLSA, it has been defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Jonites v. Exelon Corp.*, 522 F.3d 721, 726 (7th Cir. 2008); *see Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 208 (7th Cir. 2008) (time spent each workday getting dressed is not considered "work" because it is not integral and indispensable to an employee's principal activities and is therefore not compensable). The FLSA requires

employers to compensate employees for those hours worked in excess of forty hours per week at no less than "one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2010).

Here, Franks' allegations are by themselves sufficient to demonstrate a plausible claim for relief under the FLSA. Franks claims that as part of her Assistant Manager duties, she was forced to compile and calculate payroll and work hours every Friday evening for employees at her MKM retail location. According to Franks, she had already worked forty hours each week before beginning her weekly payroll obligation. If these allegations are true, as the Court must assume them to be, the payroll work required Franks to exceed forty hours of work per week. Pursuant to the FLSA, MKM was obligated to pay Franks one and one-half times her normal salary for these hours each week. Even though Franks' payroll work put her over forty hours per week, she alleges MKM forced her to work these hours "off the clock" and was not compensated for these hours. The FLSA requires MKM to pay Franks one and one-half times her regular salary for all hours worked in excess of forty hours per week. As such, Franks has adequately pleaded facts to state a claim that she was owed and denied overtime compensation in violation of the FLSA.

B. Repayment and Minimum Wage

Franks also alleges that MKM violated the FLSA by paying her less than the minimum wage. Franks alleges that while her actual salary was above the minimum wage, MKM forced her to repay several of its expenses, including money lost due to "drive aways." By requiring these deductions from her wages, Franks effectively earned less than the minimum wage. The FLSA requires employers to pay their employees a minimum wage unless those employees fall into certain exempted categories. 29 U.S.C. § 206(a) (2010). Employee repayment and reimbursement

7

provisions do not violate the FLSA provided the employee's effective wages remain above the minimum wage level. *See Heder v. City of Two Rivers, Wisc.*, 295 F.3d 777, 782 (7th Cir. 2002); 29 C.F.R. § 531.35 (2010) (employers may require employees to provide tools of the trade as long as the cost of such tools purchased by employee do not effectively reduce employee's wages for a given workweek to below minimum wage).

Here, Franks' allegations, even when assumed to be true, are insufficient to state a plausible FLSA claim. Franks claims that MKM's insistence on repayment for "drive-aways" and other expenses, as well as MKM's refusal to pay her overtime, resulted in Franks effectively earning below the minimum wage level in violation of 29 U.S.C. § 206(a) (2010). However Franks does not state how much she earns at MKM or what wage she earned once her forced repayments were completed. Franks does not provide any facts that demonstrate MKM's forced repayments resulted in her earning below the minimum wage level. Therefore, she does not state a claim against MKM for violation of its FLSA obligations with regards to paying her at least a minimum wage.

Franks also alleges that her wages from MKM were not received "free and clear" because they were subject to mandatory repayment to MKM. Wages are not considered paid by the employer to the employee if they are not paid finally and unconditionally, or "free and clear." 29 C.F.R. §531.35 (2010). Franks alleges that because her wages were subject to withholding and repayment to MKM, she did not receive wages from MKM, thus violating the FLSA. *Id*. However "[t]he requirement that wages be paid 'free and clear,' does not mean . . . that deductions from a workers [sic] pay are *per se* illegal." *E.g., Castillo v. Case Farms of Ohio, Inc.*, 96 F. Supp. 2d 578, 637 (W.D.Tex. 1999). For example, the regulations allow for employee repayment provided it does not result in the employee earning less than the minimum wage. 29 C.F.R. §531.35 (2010). Franks does

not plead any facts that demonstrate her repayment to MKM ever caused her to earn less than the minimum wage in a given workweek. Therefore, Franks fails to state a claim against MKM for violation of its FLSA obligations with regards to paying her wages that were "free and clear."

### III. Motion to Dismiss IMWL Claim

MKM moves to dismiss Franks' IMWL claim for failure to state a claim for relief. Like the FLSA, IMWL has provisions regarding overtime and minimum wage payments to employees. Franks alleges violations of the IMWL because MKM failed to pay her for overtime hours worked and failed to pay her at a level above the minimum wage.

#### A. Overtime

The relevant overtime requirements of the IMWL are nearly identical to those in the FLSA. 820 ILCS 105/4a. Under IMWL, employers are required to compensate employees for those hours worked in excess of forty hours per week at a rate "not less than 1 ½ times the regular rate at which he is employed." *Id*. This language mirrors the overtime requirements set forth in the FLSA. Franks therefore makes a similarly plausible claim regarding overtime payments under the IMWL as she does under the FLSA.

#### B. Minimum Wage

The relevant minimum wage requirements of the IMWL are provided in a wage scale. *See* 820 ILCS 105/4. The wage scale contains specific hourly rates that must be paid to employees based on the date of employment. Here, Franks' allegations, even when assumed to be true, are insufficient to demonstrate a plausible IMWL claim with regards to minimum wage violations. Franks does not state how much she earns at MKM or what wage she earned once her forced repayments were completed. Franks does not provide any facts that demonstrate MKM's forced repayments resulted

9

in her earning below the minimum wage. Therefore, she does not state a claim against MKM for violation of its IMWL obligations with regards to paying her at least a minimum wage.

**IV. Motion to Dismiss IMWPCA Claim**

MKM moves to dismiss Franks' IMWPCA claim for failure to state a claim for relief. The IMWPCA governs wage payment and collection with specific guidelines on deductions by employers from wages or final compensation. *See* 820 ILCS 115/9. Under the IMWPCA, these deductions are prohibited unless they are: (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made. *Id*.

Here, Franks' allegations are sufficient to demonstrate a violation of the IMWPCA. Franks claims that portions of her salary were withheld or deducted to pay for costs incurred by MKM. Specifically, Franks claims that MKM deducted from her wages the losses it suffered due to "drive aways", bounced checks, and "charge backs." These deductions do not appear to fall within the first three exceptions and there is a dispute between the parties whether the deductions were made with the written consent of Franks and given freely at the time of each deduction. Therefore, Franks pleads adequate facts to state a claim that the deductions taken by MKM violated the IMWPCA.

**V. Motion to Dismiss Quantum Meruit Claim and Unjust Enrichment Claim**

MKM moves to dismiss Franks' quantum meruit and unjust enrichment claims because it argues neither is appropriate given that MKM and Franks had an employment agreement.[2] MKM

---

[2] MKM does not argue that Franks' claims for quantum meruit and unjust enrichment are preempted by her FLSA claims. *See, e.g., Nicholson v. UTI Worldwide, Inc.*, 2010 WL 551551 (S.D.Ill. 2010) (quantum meruit and unjust enrichment claims are not necessarily preempted by FLSA where plaintiff seeks compensation for violations not associated with overtime or minimum wage violations).

asserts that the employment agreement is a valid contract and that quantum meruit and unjust enrichment claims only apply in cases where an implied contract, not an actual contract, exists. Franks concedes that a contract exists between her and MKM, but claims the contract is "illegal, immoral and un-enforceable." (Compl. ¶ 115.) Franks therefore claims that she is owed compensation for having to repay MKM, and that MKM was unjustly enriched by her repayments and her unpaid overtime work.

Franks' concession that a contract exists between her and MKM would ordinarily bar her quantum meruit and unjust enrichment claims. *See Keck Garrett & Assoc., v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008) (Illinois law does not permit recovery on theories of quantum meruit or unjust enrichment when an actual contract governs the parties' relation on that issue); *see, e.g., DeGeer v. Gillis*, 2010 WL 1609914, at *11 (N.D.Ill. 2010) (Bucklo, J.) ("a claim sounding in quantum meruit cannot be pursued where the parties are alleged to have entered into an express contract"); *The Sharrow Group v. Zausa Dev. Corp.*, 2004 WL 2806193, at *3 (N.D.Ill 2004) (Moran, J.) (unjust enrichment is unavailable where parties have entered into an express contract). However, if the contract is illegal and unenforceable under Illinois law it may be rendered void. *See U.S. Nursing Corp. v. Saint Joseph Med. Ctr*, 39 F.3d 790, 792 (7th Cir. 1994).

Illinois Department of Labor Regulations require an employee's freely given written consent for deductions. Specifically, Illinois regulations state that "[c]ash and/or inventory shortages shall not be deducted from an employee's pay unless the employee's express written consent is given freely at the time the deduction is made." 56 Ill. Adm. Code § 300.730. These restrictions "also apply to shortages incurred as a result of a failure to follow proper credit card, check cashing or accounts receivable procedures." *Id.* § 300.740.

11

Here, Franks alleges in her Second Amended Complaint that she was forced to repay MKM for her failure to follow proper credit card and check cashing procedures, as well as repay inventory shortages. Because Franks claims her repayments were not freely given, and that her contract with MKM violated Illinois law, she pleads adequate facts to state a claim that her employment contract with MKM is invalid and she may seek quantum meruit and unjust enrichment.

**VI. Motion to Dismiss for Failure to Comply with Rule 10(b)**

MKM moves to dismiss Franks' Second Amended Complaint for failure to comply with Rule 10(b). Specifically, MKM argues that Franks' Second Amended Complaint "jumbles" together her "factually and legally distinct" overtime claims and repayment claims. Rule 10(b) requires parties to state their claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). It continues, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

Here, Franks' pleading is divided into five separate claims, organized around specific legislation and relief sought. The first claim alleges violations of the IMWL; the second alleges violations of the IMWPCA; the third alleges violations of the FLSA; and the fourth and fifth seek damages under theories of quantum meruit and unjust enrichment, respectively.

While it is true that Franks claims violations based on both MKM's failure to compensate for overtime and its policies concerning repayment in both her IMWPCA and FLSA claims, she has nonetheless limited each of these claims to a single piece of legislation. Moreover, her numbered paragraphs are each limited to a single set of circumstances.[3] Therefore, Franks' Second Amended

---

[3] MKM's 10(b) claim also appears to be moot as Franks' Second Amended Complaint is dismissed in part without prejudice, giving her an opportunity to revise her Second Amended Complaint with strict compliance with Rule 10(b).

Complaint satisfies Rule 10(b)'s requirements.

**CONCLUSION AND ORDER**

Franks has plead sufficient facts to satisfy Rule 12(b)(6)'s pleading standards with regards to her FLSA and Illinois claims for overtime compensation and for her state law claims of quantum meruit and unjust enrichment. However, she has failed to plead sufficient facts to satisfy Rule 12(b)(6)'s pleading standards regarding her federal and state minimum wage claims. These claims are dismissed without prejudice with leave to file a Third Amended Complaint.

MKM's Motion to Dismiss is denied with regards to its Rule 12(b)(1) claim because Franks' FLSA claims are not dismissed in their entirety and therefore this Court retains supplemental jurisdiction over Franks' state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. Of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (district court should consider dismissing supplemental state law claims following a Rule 12(b)(6) dismissal of all federal claims).

MKM's Motion to Dismiss pursuant to Rule 10(b) is denied.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 8, 2010